IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NELSON MENDEZ-HERNANDEZ,<br><br>               Petitioner,<br><br>vs.<br><br>KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in their official capacity as Secretary of State of the United States; PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; PETER BERG, in their official capacity as St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and MICHAEL KIRN, in their official capacity as Phelps County Sheriff, Official of Phelps County Jail;<br><br>               Respondents. | 8:26CV89<br><br>**MEMORANDUM AND ORDER** |

       This matter comes before the Court on Nelson Mendez-Hernandez's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained because he has not been afforded a bond hearing before an immigration judge. Respondents argue Petitioner is not entitled to a bond hearing because he is subject to mandatory detention as an alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to provide Petitioner a bond determination hearing in immigration court.

**I.**      **BACKGROUND**

1

Petitioner is a native and citizen of Guatemala. Filing No. 1 at 4; Filing No. 6 at 3. He entered the United States without inspection in September 2020. Filing No. 6 at 3. He was arrested by United States Border Patrol and filed an application for asylum. *Id.* His application for asylum was denied, but Petitioner's removal case was dismissed by prosecutorial discretion in 2024. *Id.* at 4.

On December 25, 2025, ICE encountered Petitioner at the Butler County Jail after his arrest for aggravated driving under the influence. *Id.* Petitioner was subsequently transferred to ICE custody. *Id.* An immigration judge found he was subject to mandatory detention under 8 U.S.C. § 1225 and therefore denied him release on bond. *Id.*

Petitioner seeks a writ of habeas corpus releasing him. Filing No. 1 at 24–25.

## II.   STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   ANALYSIS

The undersigned has already addressed the legal issue presented in this case in *Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328 (D. Neb. Jan. 8, 2026). Respondents have not explained how this case differs, and the Court sees no reason to depart from its prior reasoning. The Fifth Circuit Court of Appeals' recent decision to the

contrary is not binding on this Court. See *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).

In short, the Court concludes Respondents' interpretation of the INA is incorrect. A noncitizen who was apprehended after already being present in the United States is not an arriving alien seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See *Chavez Avila*, 2026 WL 63328, at *2–3. Rather, such a noncitizen must be detained pursuant to a warrant and afforded a prompt bond determination before an immigration judge pursuant to 8 U.S.C. § 1226(a). *Id.*

Here, Respondents have produced a Notice to Appear and administrative warrant for Petitioner's arrest. Filing No. 6-1; Filing No. 6-2. Accordingly, the proper remedy is that he be afforded a prompt bond determination before an immigration judge. Therefore,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2. Respondents shall promptly afford Petitioner a bond determination hearing pursuant to 8 U.S.C. § 1226.

3. On or before **March 16, 2026**, respondents shall file a status update regarding Petitioner's bond hearing.

4. The Court will enter a separate judgment.

Dated this 6th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge